UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

CALVIN SNEED )
 )
    *Petitioner*, )
 )
v. ) No. 3:06-cv-101
 ) *Jarvis*
JIM WORTHINGTON, Warden )
 )
    *Respondent*. )

# **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent, and petitioner's response thereto. There is also pending petitioner's motion to substitute Warden David Mills for Warden Jim Worthington as the respondent in this case. The motion to substitute [Court File No. 6] will be **GRANTED**. For the following reasons, the motion to dismiss [Court File No. 5] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner Calvin Sneed ("Sneed") challenges his 1995 Rhea County conviction for first degree murder and the resulting life sentence. The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has provided the court with copies of the opinions of the Tennessee Court of Criminal Appeals on direct appeal and in post-conviction proceedings. [Attachments 1-3 to to motion to dismiss].

Sneed was convicted by a jury of the first degree murder of his wife and was sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *State v. Sneed*, No. 03C01-9611-CR-00444, 1998 WL 309137 (Tenn. Crim. App. June 12, 1998), *perm. app. denied, id.* (Tenn. February 16, 1999).

Sneed next filed a petition for post-conviction relief, which was denied after an evidentiary hearing and the Tennessee Court of Criminal Appeals affirmed. *Sneed v. State*, No. E2004-00051-CCA-R3-PC, 2004 WL 2607774 (Tenn. Crim. App. November 17, 2004), *perm. app. denied, id.* (Tenn. May 2, 2005). Sneed filed the pending habeas corpus petition on March 17, 2006.[1] The respondent moves to dismiss the petition based upon the statute of limitation.

---

[1]The petition was received by the Clerk's Office on March 20, 2006. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on March 17, 2006. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Sneed's conviction became final on May 17, 1999, which was 90 days after the Tennessee Supreme Court denied his application for permission to appeal on direct appeal. *Bronaugh v. State of Ohio*, 235 F.3d 280 (6th Cir. 2000) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court on direct appeal).

Sneed's state post-conviction petition tolled the running of the statute of limitation, but only while it was pending. The post-conviction petition was filed on February 7, 2000,[2] at which time 266 days of the one-year statute of limitation had elapsed, leaving only 99 days for filing a federal habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

---

[2]Sneed states in his amended petition for writ of habeas corpus that the petition was filed on that date. [Court File No. 3, p. 2]. In his motion to dismiss, the respondent concurs, stating that a review of the Attorney General's internal files reflects that the State's brief on post-conviction agrees with this filing date. [Court File No. 5, p. 3 n.2].

The Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief on May 2, 2005. Thus, the statute of limitation resumed running on August 1, 2005. *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court after the denial of post-conviction relief). As noted, Sneed had 99 days, or until November 8, 2005, to seek habeas corpus relief. Sneed's habeas corpus petition was not filed until March 17, 2006. Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

In his response to the motion to dismiss, Sneed acknowledges his petition may be untimely but contends that failure to consider his claims would result in a fundamental miscarriage of justice. According to Sneed, he is innocent of first degree premeditated murder and thus is entitled to equitable tolling of the statute of limitation.

The Sixth Circuit has found that the AEDPA's one year limitation period is subject to equitable tolling because it is a statute of limitation, not a jurisdictional bar. *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001). When determining whether equitable tolling is appropriate, the court must consider the following:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence

> of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id*. at 1008.

Sneed has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). In addition, "[t]he doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

Sneed does not claim to have been unaware of the statute of limitation nor has he stated why his habeas corpus petition was not timely filed. He merely relies on his claim of actual innocence and miscarriage of justice. *See Mitchell v. Rees*, 114 F.3d 571, 579 n.12 (6th Cir. 1997) ("Briefly stated, a fundamental miscarriage of justice occurs when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent.") (citations omitted). Sneed, however, has failed to make a credible showing that he is actually innocent of the crime for which he was convicted and he is not entitled to equitable tolling of the statute of limitation.

The respondent's motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules

of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ James H. Jarvis  
United States District Judge